

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **KEVIN HANNEKEN,**<br>**Employee,** | ) Docket No.: 2016-03-0523 |
| v. | ) State File No.: 37977-2016 |
| **CONSOLIDATED NUCLEAR**<br>**SERVICES, LLC,** | ) Judge Pamela B. Johnson |
| **Employer.** | ) |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on November 2, 2016, for a Compensation Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether the Employer, Consolidated Nuclear Services, LLC (CNS), is liable for the Employee's, Kevin Hanneken's, pre-existing hearing loss when he had an ascertainable rating at the time his CNS employment began.[1] For the reasons set forth below, by a preponderance of the evidence, this Court concludes CNS is not liable for Mr. Hanneken's pre-existing hearing loss. Accordingly, the Court finds that Mr. Hanneken is entitled to nine percent permanent partial disability to the whole person for his bilateral hearing loss.

### History of Claim

The following facts were established through the stipulations and evidence presented during the hearing. Mr. Hanneken is a sixty-one-year-old resident of Loudon County, Tennessee, with a high school and technical college education. He has a forty-year work history as a machinist, working for CNS in the same occupation since 2009.

Over the course of his work history, Mr. Hanneken's work exposed him to repetitive-occupational noise, which caused binaural hearing loss and resulted in permanent-reduced hearing capacity. When he began working for CNS, Mr. Hanneken had a pre-existing

---

[1] A complete listing of the technical record, stipulations, and exhibits admitted at the Compensation Hearing is attached to this Order as an appendix.

1

hearing loss of five-percent permanent medical impairment to the body as a whole. During his subsequent employment with CNS, Mr. Hanneken's impairment due to hearing loss increased by nine-percent permanent medical impairment to the body as a whole. Presently, Mr. Hanneken has an aggregate impairment of fourteen percent to the body as a whole due to binaural hearing loss. Mr. Hanneken remains employed by CNS with no lost time due to his hearing loss.

For his hearing loss, Mr. Hanneken came under the care of Dr. Charles G. Sewall, board-certified in otolaryngology. Dr. Sewall examined and evaluated Mr. Hanneken on two occasions in April 2016 and reviewed the audiograms conducted at the Y-12 Medical Department and those performed by audiologists at Dr. Sewall's office. During his deposition, Dr. Sewall testified that Mr. Hanneken provided the following history: "He did tell me he had a family history of hearing loss. His mom had some hearing loss when she was young. He was a machinist for 40 years which is exposure to noise, and he described ringing noise in both ears." (Ex. 1 at 7.) Mr. Hanneken's hearing loss, for which Dr. Sewall examined and evaluated him, was more likely than not noise-induced occupational hearing loss.

Dr. Sewall testified by deposition and opined that Mr. Hanneken's nine-percent increase in hearing loss, since his hire by CNS, represented more than fifty percent of his fourteen-percent aggregate permanent medical impairment to the body as a whole. *Id.* at 8. Dr. Sewall further opined that Mr. Hanneken's increase in hearing loss "progressed as a result of his exposure[.]" *Id.*

At the Compensation Hearing, Mr. Hanneken asserted that Tennessee Code Annotated section 50-6-304 (2015) applies to this case. Relying on *Bennett v. Howard Johnsons Motor Lodge*, 714 S.W.2d 273, 279 (Tenn. 1986), Mr. Hanneken argued that CNS, as the last successive employer, taking Mr. Hanneken as he was found at the time of the accident, is liable for the entire resulting disability, regardless of any pre-existing condition. As such, Mr. Hanneken averred that CNS, as the last employer, is liable to Mr. Hanneken for the aggregate fourteen-percent permanent medical impairment to the whole person with lifetime future medical benefits.

CNS countered that the application of the "last injurious injury" rule to a claim falling within the Workers' Compensation Reform Act of 2013 is not well known at this time, particularly since the law is no longer liberally construed in favor of the employee. CNS further asserted that an impairment ascertainable at the time employment began should be excluded from a later award regardless of the application of the last injurious injury rule. CNS averred the intent behind the last injurious injury rule in part was that it was too difficult to parse out an impairment from exposures suffered during prior employments when an employee has suffered a gradual injury. CNS asserted this is not the case here because it administered a pre-employment hearing test, which demonstrated a definable hearing

2

impairment at that time. As a result, in addition to medical benefits, CNS averred Mr. Hanneken's permanent partial disability award should be limited to nine-percent permanent partial disability to the whole person, which is the difference between the rating at the time employment began and the rating when Mr. Hanneken reached maximum medical improvement.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Hanneken must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2015) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). In evaluating the evidence, the Court shall not remedially or liberally construe the Workers' Compensation Law in favor of either party but must construed the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015).

To be entitled to the requested benefits, Mr. Hanneken must prove that his bilateral hearing loss arose primarily out of and in the course and scope of his employment with CNS. An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(B) (2015). An injury causes death, disablement, or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent in causing the death, disablement, or need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(E) (2015).

In the present case, the parties stipulated to the following: At the inception of his employment with CNS, Mr. Hanneken had a five-percent permanent medical impairment to the body as a whole due to pre-existing hearing loss. During his subsequent employment with CNS, Mr. Hanneken's hearing loss increased by nine-percent permanent medical impairment to the body as a whole. Presently, Mr. Hanneken has an aggregate hearing loss of fourteen-percent permanent medical impairment to the body as a whole. Mr. Hanneken's hearing loss, for which Dr. Sewall examined and evaluated him, was more likely than not noise-induced occupational hearing loss.

Additionally, Dr. Sewall testified that Mr. Hanneken's nine-percent increase in hearing loss, since his hire by CNS, represented more than fifty percent of his fourteen-

percent aggregate permanent medical impairment to the body as a whole. *Id.* at *8. Dr. Sewall further opined that Mr. Hanneken's increase in hearing loss "progressed as a result of his exposure[.]" *Id.*

Given the parties' stipulations and the evidence before this Court, the sole issue is whether CNS is liable for Mr. Hanneken's pre-existing hearing loss when he had an ascertainable permanent medical impairment at the time his CNS employment began. Mr. Hanneken argued CNS is liable for the fourteen-percent aggregate permanent medical impairment to the whole person pursuant to Tennessee Code Annotated section 50-6-304 (2015), which provides:

> When an employee has an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable, for the occupational disease, without right to contribution from any prior employer or insurance carrier.

However, the Workers' Compensation Law does not define hearing loss as an occupational disease, but instead defines it as a gradual injury. Section 50-6-102(14) (2015) states in part:

> "Injury" and "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment[.]

While hearing loss is not an occupational disease governed by section 50-6-304, the inquiry does not end there. A rule similar to section 50-6-304 applied to gradually occurring injuries prior to the Workers' Compensation Reform Act of 2013. *See Mahoney v. NationsBank of Tenn., N.A.*, 158 S.W.3d 340, 346 (Tenn. 2005)(overruled on other grounds); *Building Materials Corp. v. Britt*, 211 S.W.3d 706, 713 (Tenn. 2007). The prior rule operated to place liability for an employee's disability on the last employer if working conditions at the last employer aggravated the employee's pre-existing injury. *Id.* The *Mahoney* Court summarized the "last injurious injury" rule as follows:

> [A] subsequent employer is responsible for a gradually-occurring injury that began at a prior employer [if] the employee's condition was aggravated or advanced due to working conditions at the second employer. It is not enough that the employee continued to suffer from the effects of an injury while employed by a second employer; rather, to be compensable, there must be a progression of the employee's injury.

4

*Id.*

The Workers' Compensation Law prior to the Reform Act of 2013 included a statutory component of liberal construction, which does not exist under present law. *See* Tenn. Code Ann. § 50-6-116 (2015). The interpretation involved meant finding coverage for employees in workers' compensation cases where an injured employee might otherwise go without a remedy. *Tenpenny v. Batesville Casket Co., Inc.*, 781 S.W.2d 841, 845 (Tenn. 1989). Additionally, application of the "last injurious injury" rule under prior law generally served in part to avoid a court's speculative apportionment between successive employers and/or carriers.

This is not the case here. Under the Reform Act of 2013, an employer is liable only to the extent that the employee's injury arose *primarily* out of and in the course of employment. Tenn. Code Ann. § 50-6-102(14) (2015) (emphasis added). Moreover, the Workers' Compensation Law provided that an "injury" shall not include the aggravation of a pre-existing disease, condition, or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment. *Id.* at (14)(A). Furthermore, here, the degree of pre-existing impairment is readily ascertainable without speculation. As such, this Court holds that the "last injurious injury" rule does not apply in this case. Its application should be applied on a case-by-case basis. To hold an employer liable for a known impairment that pre-existed the employment would only serve to discourage an employer from hiring any person with a known, ascertainable impairment.

For the reasons set forth above, based upon the preponderance of the evidence and as a matter of law, this Court concludes CNS is not liable to Mr. Hanneken for his five-percent permanent medical impairment to the whole person resulting from his pre-existing, bilateral hearing loss. Accordingly, the Court finds that Mr. Hanneken is entitled to nine-percent permanent partial disability to the whole person for his bilateral hearing loss and medical benefits in accordance with the Workers' Compensation Law.

**IT IS, THEREFORE, ORDERED** as follows:

1. CNS shall provide Mr. Hanneken with medical treatment for his bilateral hearing loss in accordance with Tennessee Code Annotated section 50-6-204 (2015).

2. The amount of permanent disability benefit is $858.00 per week.

3. Pursuant to Tennessee Code Annotated section 50-6-207(3) (2015), Mr. Hanneken is entitled to 450 weeks times a nine-percent impairment rating, which equates to $34,749.00 in permanent partial disability benefits.

4. After a Compensation Hearing Order entered by a Workers' Compensation Judge has become final in accordance with Tennessee Code Annotated section 50-6-239(c)(7) (2015), compliance with this Order must occur in accordance with Tennessee Code Annotated section 50-6-239(c)(9) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the fifth business day after this Order becomes final or all appeals are exhausted. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. The filing fee for this this cause is taxed to the Employer, Consolidated Nuclear Services, pursuant to Rule 0800-02-21-.07 (2015) of the Tennessee Compilation Rules and Regulations.

6. Consolidated Nuclear Services shall prepare and file a statistical data form within ten business days of the date of this order, pursuant to Tennessee Code Annotated section 50-6-244 (2015).

**ENTERED this the 30th day of November, 2016.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the party who filed the notice of appeal shall have fifteen calendar days after the issuance of the docketing notice to submit a brief to the Appeals Board for consideration. Any opposing party shall have fifteen calendar days after the filing of the appellant's brief to file a brief in response. No reply briefs shall be filed. Briefs shall comply with the Practice and Procedure Guidelines of the Workers' Compensation Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015).

To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be "final" (*see* Tennessee Code Annotated section 50-6-239(c)(7)) and you must comply with the Tennessee Rules of Appellate Procedure.

## APPENDIX

Technical Record:
- Petition for Benefit Determination, filed May 23, 2016;
- Dispute Certification Notice, filed June 17, 2016;
- Request for Initial Hearing, filed July 6, 2016;
- Request for Initial Hearing, filed July 13, 2016;
- Initial Hearing Order, entered on August 4, 2016;
- Stipulation, filed August 30, 2016
- Witness and Exhibit List submitted by the Employee, filed September 8, 2016;
- Pre-Hearing Statement of Employee, filed September 8, 2016;
- Stipulation of Fact, filed September 29, 2016;
- Dispute Certification Notice, filed October 21, 2016;
- Order of Rescheduling, entered October 25, 2016;
- Employer's Pre-Hearing Statement, filed October 25, 2016;
- Employer's Witness and Exhibit List, filed October 25, 2016; and
- Stipulation, filed October 31, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts:

By Stipulation, filed August 30, 2016, the parties agreed:
- That the Employee had pre-existing permanent partial hearing loss of five percent to the body as a whole at the inception of employment with Employer.
- During his subsequent employment with the Employer, Employee's permanent hearing loss partial anatomical impairment has increased by an additional nine percent to the body as a whole.
- Employee has an aggregate PPI BAW of fourteen percent.
- The Employee continues presently with Consolidated Nuclear Security, LLC without any lost employment due to the hearing loss.
- The applicable workers' compensation rate is $858.00 per week.
- If Tenn. Code Ann. § 50-6-304 applies to the facts of this case, then Employer is the "last employer" as defined in that statute.

By Stipulation of Fact, filed September 29, 2016, the parties agreed:
- That at all time material Charles G. Sewall, M.D. was a duly licensed medical doctor engaged in his board-certified practice of otolaryngology (ENT) located in Oak Ridge, Tennessee.

8

- That at all time material Dr. Sewall was an adult resident of the State of Tennessee, and competent to testify, having personal knowledge of the same. That at all times material, Dr. Sewall was qualified to testify as an expert regarding the medical practice of otolaryngology.
- That Dr. Sewall examined and evaluated the Plaintiff, KEVIN HANNEKEN, including his reported history of forty years of employment as a machinist until the present time, a review of the audiograms at Y-12 Medical Department, as well as those performed by audiologists at Dr. Sewall's office. That the hearing loss for which Dr. Sewall examined and evaluated the Plaintiff was, more likely than not, a noise-induced occupational hearing loss, which is an issue in this lawsuit.
- That if Dr. Sewall were in person at trial, he would testify under oath, within a reasonable degree of medical certainty as described above.

By Stipulation, filed October 31, 2016, the parties agreed:
- The sole issue that needs to be decided is whether Employer is liable for Employee's pre-existing hearing loss when he had an ascertainable rating at the time his employment began.

By Announcement of the Parties' Attorneys at the Compensation Hearing, the parties stipulated to the information contained in Section I. Plaintiff Background Information in the Pre-Hearing Statement of Employee, which sets forth the following:
- Mr. Hanneken is sixty-one years old and married.
- Mr. Hanneken's "injury occurred" by "Repetitive occupational noise exposure."
- The nature of the injury is "Binaural hearing loss."
- His physical limitations are "Permanent reduced hearing capacity."
- His hobbies include "wood working and hiking."
- His education includes "Graduated high school 1972, Technical college 1979, [and] S. IL College 1992."

By Announcement of the Parties' Attorneys at the Compensation Hearing, the parties further agreed:
- Mr. Hanneken provided notice to Consolidated Nuclear Services, LLC.
- Mr. Hanneken filed his Petition for Benefit Determination within the applicable statute of limitations.

Exhibits:
- EXHIBIT 1: Deposition Transcript of Charles Gregory Sewall, M.D.;

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| George H. Buxton, Employee's Attorney | | | X | georgebuxton@buxtonlawfirm.com |
| Landon Lackey, Employer's Attorney | | | X | Landon.Lackey@cns.doe.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov